57 F.3d 1083
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Richard L. SUDRANSKI, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7104.
 United States Court of Appeals, Federal Circuit.
 May 26, 1995.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Nov. 24, 1995.
 
 Before ARCHER, Chief Judge, RICH, and MAYER, Circuit Judges.
 ON MOTION
 PER CURIAM.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves for summary affirmance of the Court of Veterans Appeals' judgment dismissing Richard L. Sudranski's appeal for lack of jurisdiction. Sudranski moves for leave to file a response in excess of 10 pages, with response attached.*
 
 
 2
 In 1986, Sudranski sought an increased disability rating for a service-connected psychiatric disorder and a total disability rating based on individual unemployability. The regional office denied Sudranski's claims. Sudranski filed a Notice of Disagreement (NOD) on October 6, 1986. Sudranski also filed a claim for an earlier effective date for entitlement to a non-service-connected pension award. The regional office denied the claim for an earlier effective date. In September of 1988, Sudranski filed a NOD concerning the pension's effective date. On May 21, 1989, Sudranski filed a document at the Board.
 
 
 3
 On February 22, 1990, the Board of Veterans Appeals granted Sudranski a 100 percent disability rating for his service-connected psychiatric disorder and denied his claims for a total disability rating based on individual unemployability and for an earlier effective date. Sudranski appealed to the Court of Veterans Appeals. The Court of Veterans Appeals dismissed Sudranski's appeal for lack of jurisdiction because Sudranski had not filed a NOD on or after November 18, 1988. See 38 U.S.C. Sec. 7105 Note. The Court of Veterans Appeals found that the document dated May 21, 1989 was not a valid NOD because the document was not filed at the regional office. Sudranski appealed to this court.
 
 
 4
 On July 9, 1992, this court vacated and remanded so that the Court of Veterans Appeals could consider arguments that it had not analyzed, including Sudranski's argument that the May 21, 1989 document was a valid NOD although filed with the Board and the Secretary's argument that no additional NODs may be filed concerning a claim after Board review of that claim is initiated.
 
 
 5
 Before the Court of Veterans Appeals decided Sudranski's appeal on remand, it stayed Sudranski's appeal pending its in banc consideration of the issues concerning claims involving multiple NODs in Hamilton v. Brown. After the Court of Veterans Appeals issued its decision in Hamilton, the Court of Veterans Appeals applied Hamilton to Sudranski's case and concluded that Sudranski could only file one valid NOD for each claim. The Court of Veterans Appeals noted that the first NOD, filed on October 6, 1986, initiated Board review of his claim concerning an increased disability rating and a total disability rating based on individual unemployability and that the NOD was thus filed before November 18, 1988. Concerning the claim for an earlier effective date for his pension, the Court of Veterans Appeals noted that the September 1988 NOD that initiated Board review of that claim was also filed before November 18, 1988. Accordingly, the Court of Veterans Appeals dismissed the case for lack of jurisdiction. Sudranski appealed to this court.
 
 
 6
 We stayed this appeal pending our decision in Hamilton v. Brown, nos. 93-7090, -7091. We recently decided Hamilton v. Brown. In Hamilton, we affirmed the Court of Veterans Appeals' holding that the veterans court does not have jurisdiction if the NOD that initiated Board review was filed before November 18, 1988. Hamilton v. Brown, 39 F.3d 1574 (Fed.Cir.1994). See 38 U.S.C. Sec. 7105 Note.
 
 
 7
 Sudranski's main arguments are that this court's decision in Hamilton was incorrect and that the Court of Veterans Appeals was bound by "law of the case." The Secretary argues that the Court of Veterans Appeals' decision that it had no jurisdiction over Sudranski's appeal should be summarily affirmed based on our holding in Hamilton.
 
 
 8
 We agree with the Secretary that the Court of Veterans Appeals' decision should be summarily affirmed. Summary affirmance of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that summary disposition is warranted. This case involves the same dispositive issue that was presented in our decision in Hamilton. As in Hamilton, the Court of Veterans Appeals had no jurisdiction because the NOD that initiated Board review was filed before November 18, 1988.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) The stay of proceedings is lifted.
 
 
 11
 (2) Sudranski's motion for leave to file an opposition of more than 10 pages is granted.
 
 
 12
 (3) The Secretary's motion for summary affirmance is granted.
 
 
 13
 (4) Each side shall bear its own costs.
 
 
 
 *
 In his opposition, Sudranski suggests that the court hear his appeal in banc. We note that Sudranski's suggestion does not comply with the requirements of Fed.Cir.R. 35(c)